C. A. LONG, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 28, 1913.

1. A trial court will not be held in error for denying a motion for continuance based on the absence of a witness where it does not appear that the testimony of the absent witness is material.

2. In a prosecution for having carnal intercourse with an unmarried female under eighteen years of age, where evidence of the general reputation of the prosecuting witness for truth and veracity has been admitted, as affecting the credibility of her testimony, it is not error to exclude evidence of and to refuse requested charges on the character and particular acts and conduct of the witness not involved in the offense charged.

3. It is not error to refuse a new trial on the ground that a juror had previously formed and expressed an opinion adverse to the defendant, where it appears that defendant's counsel knew of it when the case was on trial and the witnesses were being examined, but made no objection to the juror till after an adverse verdict.

Writ of error to Circuit Court, St. Lucie County; J. W. Perkins, Judge.

Judgment affirmed.

*Pope & Penny,* for Plaintiff in Error;

*T. F. West,* Attorney-General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—Long was convicted of the statutory offense of having carnal intercourse with an unmarried female under eighteen years of age. A sentence to the State Prison for three years was imposed and a writ of error was taken thereto.

A motion for a continuance was based upon the absence of a female witness who would testify that the defendant did not in her presence invite the prosecuting witness to defendant's house to see his wife, as testified to by the prosecuting witness at the preliminary hearing. It does not appear that the asserted testimony of the absent witness was in reality material. Counsel for the plaintiff in error admit in the briefs that the court "admitted the testimony of witnesses as to the general reputation for truth and veracity of the prosecuting witness," and the issue was whether the carnal intercourse occurred. With this in view no abuse of judicial discretion appears, of which the defendant below could justly complain, in the denial of the motion for a continuance.

Evidence of the general reputation of the prosecuting witness for truth and veracity having been admitted as affecting the credibility of her testimony, it was not error to exclude evidence of and to refuse requested charges on the character and particular acts and conduct of the prosecuting witness not involved in the offense charged.

The charge of the court was fair and appropriate to the issue and the testimony; and even if the matter is properly presented here, there apparently was no error in refusing the requested charges.

The ground of the motion for new trial based on an assertion that a juror had previously formed and expressed an opinion adverse to the defendant, is unavailable because the affidavits show defendant's counsel knew of it when the case was on trial and the witnesses were being examined, but objection to the juror was not made till after an adverse verdict. Besides this the preponderance of the evidence presented on this ground of the motion for new trial shows that the juror had not formed or expressed an opinion on evidence as to the defendant's guilt of the offense charged.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.